## Lawrence Overseers v. Delaware Overseers, Appellants.

*Poor laws—Settlement—Payment of taxes—Act of June 13, 1836, section 9.*

A settlement under the provisions of the act of June 13, 1836, section 9, clause 2, P. L. 542, cannot be gained by a payment of taxes by one who at the times the taxes are paid is chargeable to, and receiving aid as a pauper from, another district.

If, however, one is lawfully charged with taxes and pays them during two years, it does not necessarily follow that his acceptance of temporary relief, under an order for which he did not apply, prevents him from obtaining a settlement.

*Payment of taxes—Agency—Political committee.*

The payment of taxes must be the act of the person charged, and while it may be made by his agent, in such case the agency should appear either by express proof, or by facts and circumstances which fairly establish its existence. It will not be considered a payment by the party, when it appears that without his authority or approval, a tax was paid by a member of a political committee, in order to entitle the party in whose name the tax was assessed to vote.

Argued April 22, 1891. Appeal, No. 359, Jan. T., 1891, from decree of Q. S. Clearfield Co., Feb. T., 1890, No. 26, dismissing an appeal from an order for removal of a pauper. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Appeal from order of removal.

The facts appear by the opinion of the Supreme Court.

The court below, KREBS, P. J., found that the pauper had gained a settlement in Delaware township, Juniata county, by payment of taxes under the act of June 13, 1836, section 9, clause 2. The overseers of that township appealed.

*Errors assigned* covered this finding by the court.

*J. B. McEnally,* of *McEnally & McCurdy, Atkinson & Pennell* with him, for appellants.

*A. G. Kramer,* for appellees.

OPINION BY MR. JUSTICE McCOLLUM, April 11, 1892:

This is an appeal from the decree of the court of quarter sessions of Clearfield county, affirming an order issued by two justices of the peace for the removal of George Potter, a poor person, from the township of Lawrence in said county, to the township of Delaware in Juniata county. Prior to 1871, Potter was legally settled in Union township, Clearfield county, and it lies on Lawrence township, in this proceeding, to show that he subsequently acquired a settlement in the township of Delaware, to which it is proposed to remove him. The claim of Lawrence township is, that after 1871 Potter lived with his father in Delaware township, and was charged with and paid his proportion of public taxes there " for two years succes-

sively." It appears from the evidence that in 1874 he was charged with a tax of fifty-eight cents, which could not be collected, and was exonerated by the county commissioners, in 1875 with a tax of twenty-three cents, which was paid, in 1876 with a tax of ten cents, which was paid by Warren Plett, and in 1877 with a tax of eight cents, which was exonerated. Jacob Forry was tax collector of Delaware township in 1875, and testified to the payment of Potter's taxes. He said: " These taxes were paid. I do not recollect who paid them. I do not suppose that Potter paid them." C. G. Shelley was collector of taxes in said township in 1876, and testified as follows: " George Potter's name appears in the duplicate. His tax is only ten cents. His tax was paid, but not by him. I think it was paid by Warren Plett, one of the committee sent to me to pay taxes, to allow Potter to vote. He paid me some more taxes at the same time.". In answer to this evidence, produced by Lawrence township in support of its claim, it is shown that, on March 13, 1875, an order was issued by two magistrates of Juniata county, for the relief of George Potter, his father, and their families, under and by virtue of which Delaware township furnished them assistance for three or four months of that year, and in 1877, ' 78 and ' 79, made such contributions to the maintenance of George as his necessities required. It does not appear that any relief was furnished under this order in 1876, or that it was at any time entered upon the poorbook.

This summary of the material evidence is all that is necessary to a proper understanding of the questions raised in this case. Does it show that Potter was charged with and paid his proportion of public taxes in Delaware township in 1875 and 1876, within the meaning of the second clause of the 9th section of the act of June 13, 1836? Delaware township contends that it does not, because, while accepting assistance from the township under an order of relief, he was a pauper, and could do no act which would contribute to obtain for him a settlement therein, and for the further reason that it will not allow an inference that Plett was his agent in paying the taxes charged to him in 1876. It was decided by this court in Overseers of Lewisburg v. Overseers of Milton, 18 W. N. 141, that a person who is chargeable to and receiving aid as a pauper from one district cannot acquire a settlement in another so

long as that relation exists, and a like view of the law was taken in Washington Township v. East Franklin, 3 Penny. 108, and in Lock Haven v. Chapman Township, 22 W. N. 114. But the facts of the present case do not bring it within the principle of these decisions. If Potter was duly charged with and actually paid his proportion of public taxes in Delaware township in 1875 and 1876, it does not necessarily follow that his acceptance of temporary relief in the spring of 1875, under an order which he did not apply for, prevented him from obtaining a settlement. It does not appear that he was receiving aid as a pauper when these taxes were assessed or paid, but we learn from the evidence produced by the appellants that he received no assistance from the township from the spring of 1875 until the fall of 1877. We refuse to hold, upon the facts before us, that he could not acquire a settlement in Delaware township by being charged with and paying his proportion of the public taxes therein for the years 1875 and 1876. That he was lawfully charged with said taxes, in said township, in these years, is undisputed, and that he paid the taxes of 1875 is an inference from the admitted, but unexplained, payment of them to the collector.

But it distinctly appears from the testimony submitted by the appellees that the taxes of 1876 were paid by Plett, and there was no attempt to show by him, or by any one, that Potter authorized, approved or knew of the payment of them. In making this payment Plett did not claim that he represented Potter, or say anything explanatory of his act, and his silence at that time is entirely consistent with the statement of Shelley, to the effect that he was one of a committee sent to the collector to pay the taxes of Potter and other delinquents, to enable them to vote. The only evidence of the payment of the taxes of 1876 is that of Shelley, and it must be considered as a whole. It was taken, and is relied on by the appellees, to show that these taxes were paid by Potter. Is it sufficient to satisfy the statute, which requires that the person charged with the taxes shall pay them? We think not. The payment must be the act of the person charged, and it may be made by his agent, but in such case the agency should appear, either by express proof of it, or by facts and circumstances which fairly establish its existence. We think the learned judge of the

court below erred in finding that Potter paid the taxes assessed against him in Delaware township in 1876, and all the specifications of error based on such finding are sustained.

The decree of the court of quarter sessions is reversed, and the order of removal is discharged, and it is ordered that the overseers of the poor of Lawrence township pay to the overseers of the poor of Delaware township such costs and charges as shall be adjudged reasonable and just, and the record is remitted to the quarter sessions of Clearfield county for the due ascertainment thereof.