Loyalsock Township Overseers *v.* Eldred Township Overseers, Appellants.

*Poor law—Settlement—Emancipation of children.*

As soon as the child becomes of the age of twenty-one years, if it is not incapacitated by reason of any physical or mental infirmity from taking proper care of itself, it is emancipated by law, and such child, by continuing to live under the same roof with its parents, when out of employment, cannot acquire derivatively any new settlement acquired by the parents.

Argued March 15, 1893. Appeal, No. 286, Jan. T., 1893, by defendants, from decree of Q. S. Lycoming Co., June T., 1891, No. 83, affirming order of removal of pauper. Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Appeal from order of removal of Sarah Holmes from the poor district of Loyalsock township to the poor district of Eldred township.

The opinion of the court below was as follows, by METZGER, P. J.:

" Sarah Holmes, the pauper, was born the 18th of October, 1861. About the year 1865 her father moved with his family into Eldred township, where he continued to reside until April 1, 1888, when he went into Loyalsock township and lived there until his death, which occurred in April, 1891. It is admitted that he had acquired a settlement in Eldred township prior to his removal therefrom, and it is a fact clearly established by the

evidence, that he had leased a farm in Eldred township, on which he resided for at least nine years, preceding the time of his removal to Loyalsock township.    There is therefore no doubt that he had a legal settlement in said township of Eldred as early as 1880.    Sarah Holmes, the pauper, arrived at the age of twenty-one years on the 17th day of October, 1882.    At this time she had no mental or physical infirmity which rendered her incapable of taking care of herself.    From the time she was nineteen years of age she worked out a great part of the time among strangers, and received her own wages, which she applied as she pleased.    She continued healthy and able to work until about two years after attaining her majority, when she became afflicted with a spinal disease from which she has never recovered. Since her sickness, and up to the time of her father's death, she lived with him, and was maintained and provided for by him. Before taken sick, although she was working for other people the greater portion of the time, she still continued to call her father's house her home.    At the time she took sick she was in the employment of a stranger, but was immediately taken to her father's house, where she remained until his death.

" The father having since April 1, 1888, acquired a settlement in Loyalsock township, and the pauper having acquired none in her own right, it is contended by defendants that she has acquired a settlement in Loyalsock township derivative from her father.

" This position is undoubtedly correct, if the pauper in this case was not emancipated, or if, when she became of the age of twenty-one years she was compelled to remain with her father on account of infirmity of body or mind which rendered her incapable of taking care of herself : Washington v. Beaver, 3 W. & S. 548 ; Shippen v. Gaines, 17 Pa. 38, and numerous other authorities, which we deem unnecessary to cite to establish this principle.

" But this is not the case before us.    The pauper in this case was competent, both mentally and physically, of acquiring a settlement when she arrived at the age of twenty-one, and for two years thereafter.    It needs no authority to show that the settlement of her parents, when she arrived at the age of twenty-one years, was her settlement, and I hold that that settlement will continue until she acquires another in her own right.    Hav-

ing arrived at the age of twenty-one years, she was no longer under any legal restraint, and no longer dependent on her father, and was at liberty to do anything that might lawfully be done by anybody, and was therefore emancipated. When there is no infirmity of body or mind, the rule is that children become emancipated at the age of twenty-one years. Montoursville v. Fairfield, 112 Pa. 99; Washington v. Beaver, 3 W. & S. 549; Moreland v. Davidson, 7 W. N. 14; The Town of Orford v. Town of Rumney, 3 N. H. 332.

" The mere fact that a child should continue to live under the same roof with the father does not change this rule: Beaver v. Bare, 104 Pa. 58; McCloskey v. Cyphert, 27 Pa. 220.

" These cases sustain the general principle ' That the emancipation of a child from the control of the parent may be as perfect while living under the same roof as if they were separate.' It is true, these were not pauper cases, but it seems to me it would be applicable to a case of this kind, as well as to any other case where the question of emancipation arises.

" It is not an uncommon thing for children, whether male or female, to continue to make the house of their father their home when they are out of employment as long as they remain unmarried, no matter what their ages may be, yet, if they had no mental or bodily infirmity, it would scarcely be contended that they would derive a settlement from their parents in a place where the parents had acquired a settlement subsequent to such children attaining their majority. When a child has once become emancipated from its father's family it cannot, by its own acts, acquire a settlement where its parents subsequently go to reside.

" In the case of Springfield v. Wilbraham, 4 Mass. 495, it is ruled that ' legitimate children, when emancipated, are no longer in a condition to derive settlement from their father. When a father ceases to have any control over his children, or any right to their services, it is not easy to devise any good reason why they should not be considered as emancipated, and as no longer having a derivative settlement with the father on his acquiring a new settlement.'

" In Buckland v. Charlemont, 3 Pick. 173, which was a case of one who became non compos mentis after arriving at the age of twenty-one years, it was ruled in such a case that his settlement did not follow the settlement of his father.

" I have been unable to find any express ruling of this question in Pennsylvania. It seems to me, however, that it ought not to require any ruling. As soon as a child becomes of the age of twenty-one years, if it is not incapacitated by reason of any physical or mental infirmity from taking proper care of itself, as we have seen, it is emancipated by the law. It is then competent to acquire a settlement in its own right, because competent to do any act which any other person is lawfully permitted to do. When that age is reached, the parents have no longer any right to impose any legal restraint upon that child, and its remaining under the roof of the parent would be a voluntary act on the child's part, and could not be considered as giving the child a right to acquire derivatively any new settlement acquired by the parents.

" We therefore conclude that the settlement of the parent, when the child arrives at the age of twenty-one years, if that child is free from mental and bodily infirmity, continues to be its settlement until it acquires a new one in its own right. In the case before us, Sarah Holmes was competent mentally and physically when she attained to the age aforesaid, and for two years thereafter, to take care of herself, and to have acquired by her own act a settlement; and hence I can see no reason why her subsequent illness, which caused her to be taken back to her father's house and maintained by him, should enable her settlement to follow that of her father. She is, therefore, in my opinion, settled in Eldred township.

" And now, to wit: October 24, 1891, it is adjudged that the place of the last legal settlement of Sarah Holmes is in the township of Eldred, and the order of removal is therefore affirmed, at the costs of appellants."

*Error assigned* was (14) above order, quoting it.

*H. T. Ames, T. H. Hammond* with him, for appellant, cited: Overseers of Washington v. Overseers of Beaver, 3 W. & S. 548.

*J. F. Strieby*, for appellees, cited: Overseers of Washington v. Overseers of Beaver, 3 W. & S. 548; Montoursville v. Fairfield, 112 Pa. 99; Moreland v. Davidson, 7 W. N. 14; Orford v. Rumney, 3 N. H. 332; Buckland v. Charlemont, 3 Pick. 173; Springfield v. Wilbraham, 4 Mass. 495.

PER CURIAM, April 10, 1893:

The decree in this case is affirmed on the opinion of the learned court below.