## Dallas Township Poor District, Appellant, *v.* Eaton Township Poor District.

*Poor laws—Settlement—Payment of taxes by political committee.*

Payment of a poll tax by a political committee without the voter's knowledge or authority, for the purpose of qualifying him to vote, is not such a payment of taxes as will give the voter a settlement under the poor laws.

It seems, however, that such unauthorized payment may be ratified and adopted by the return of the money so paid, or by an undertaking to repay it.

The father of a pauper lived in a township between two and three years before his death. In one of the years he had paid his tax himself, in the other the tax had been paid by a political committee. He had maintained himself by his own labor and by his pension money, without becoming a public burden. He had aided his son-in-law by a small loan to purchase a home, but had not purchased or leased real estate himself. *Held* that he had acquired no settlement under the poor laws.

Argued Feb. 20, 1894.   Appeal, No. 192, July T., 1893, by plaintiff, from order of Q. S. Wyoming Co., discharging rule to show cause why defendant should not pay money expended for maintenance and burial of Lucy Taylor, a pauper.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Rule to show cause why defendant poor district should not pay plaintiff district money expended for maintenance and burial of pauper.

The facts appear by the opinion of the Supreme Court

*Error assigned* was discharge of rule.

*Michael Cannon*, for appellant, cited : Moreland Township v. Davidson Township, 71 Pa. 377 ; Heidleberg v. Lynn, 5 Whart. 430 ; Huston Township v. Benezette Township, 135 Pa. 399 ; Act of June 13, 1836, P. L. 542 ; Lewis v. Turbut, 15 Pa. 145.

*Charles M. Lee*, for appellee, cited : Lawrence Overseers v. Delaware Overseers, 148 Pa. 381 ; Beaver Township v. Rose Township, 98 Pa. 636.

OPINION BY MR. JUSTICE WILLIAMS, April 16, 1894 :

Lucy Taylor was the minor daughter of Harry Taylor, and became a charge upon Dallas Poor District by virtue of an order for relief properly issued, on the twelfth day of March, 1892.   She died during the month of October following.   The overseers of Dallas are now seeking to charge the district of Eaton with the expenses of her sickness and burial, on the allegation that her father was legally settled in that township. Whether this is the fact is the question on which this appeal depends, for if he had a settlement in Eaton his minor daughter was properly chargeable upon that poor district.   In the court below the plaintiff's case rested upon the payment of taxes by Harry Taylor.   He was assessed with taxes in Eaton township for the years 1889, 1890 and 1891.   The taxes for 1891 were exonerated because of his death, so that the years of 1889 and 1890 are those on which the question of settlement depends.   In 1889 Taylor was assessed with a tax of fifteen cents   This was paid without Taylor's knowledge by a politi-

cal committee, and on the morning of the election day the receipt was handed to him to enable him to vote. The tax for 1890 he paid. The payment of taxes for two successive years was not shown therefore, unless the payment of the taxes for 1889 without his knowledge by a political committeee was a payment by him within the meaning of the poor laws. This question was distinctly raised and determined in the recent case of the Overseers of Lawrence Poor District v. Overseers of Delaware Poor District, 148 Pa. 380.

It was said in that case that the payment of taxes must be the act of the person charged, by himself or his agent; and that payment by a member of a political committee without his authority or knowledge, and for the purpose of qualifying him to vote, is not enough.

To this it would be proper to add that such unauthorized payment may be ratified and adopted by the return of the money so paid, or an undertaking to repay it; and that such ratification would be equivalent to a precedent authority so far as the question now before us is concerned.

In this case the evidence shows the absence of a precedent request or authority from Taylor, and of any word or act of ratification after the payment was brought to his attention. Following the case cited above we must hold that the taxes of 1889 were not paid by Taylor, and as a consequence that he had no settlement in Eaton township resulting from being charged with, and paying " his proportion of any public taxes or levies for two years successively." It was not alleged that he had acquired settlement in any other manner, although some circumstances appear in this case that distinguish it from the cases cited on the argument. He had lived in Eaton township between two and three years before his death. He had maintained himself by the proceeds of his labor and by his pension without becoming a public burden. He had aided his son-in-law in his unsuccessful effort to purchase a home by a gift of fifty dollars paid upon the purchase money. But he had neither purchased nor leased real estate as required by the poor laws, nor held a public office, nor complied with any other provision of the law made necessary to his settlement in Eaton township.

Upon the single point presented in the court below the ruling was right, and the order appealed from is affirmed.