## Hortz's Estate.

*Appeals—Findings of fact by court below—Review.*

The findings of fact and conclusions of judges, masters, etc., having jurisdiction of the subject-matter and the parties, are entitled to much weight and will only be reversed for clear error. The burden in such case rests on the appellant to satisfy the appellate court of such error in fact, or law, or both, as calls for a reversal to prevent injustice, and failing in that the decree will be affirmed.

Where the orphans' court after a surcharge has permitted on a rehearing a guardian's account to be restated, a decree striking off the surcharge will not be reversed by the appellate court, where it appears that the decree was the result of an examination by the auditing judge of the restated account and the original evidence, without any new evidence, and that the finding of the auditing judge was confirmed by the court in banc.

Argued Oct. 7, 1904. Appeal, No. 42, Oct. T., 1904, by Philip H. Hortz, from decree of O. C. Phila. Co., Jan. T., 1903, No. 356, dismissing exceptions to adjudication in Estate of Philip H. Hortz. Before RICE, P. J., BEAVER, SMITH, PORTER and MORRISON, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*Horace M. Rumsey*, for appellant.

*Henry R. Edmunds*, with *Harris S. Sparhawk*, for appellee.

OPINION BY MORRISON, J., November 21, 1904 :

This appeal is by Philip H. Hortz from the final adjudication of the account of his late guardian, Henry D. May, deceased.

The guardian filed his final account on February 24, 1903, and he died on March 31, 1903.

The court filed an adjudication of said account on July 8, 1903, wherein the guardian was surcharged with $697.65. To this adjudication exceptions were filed on July 22, 1903. These exceptions were argued before the orphans' court in banc on October 20, 1903, and on this date a petition was filed, by leave of court, asking for a rehearing, which was granted and the case continued. On October 28, 1903, another petition for a rehearing was filed by the executor of the last will and testament of Henry D. May, deceased. To this petition was attached an amended or restated account sworn to by Frank T. Du Bois, executor. The matter was further heard by the learned auditing judge with all interested parties represented by counsel. On December 2, 1903, the auditing judge filed an amended adjudication relieving the estate of the late guardian of the said surcharge. Exceptions thereto were filed on behalf of Philip H. Hortz, the late minor, on December 19, 1903. On February 6, 1904, an opinion was filed by President Judge HANNA of the orphans' court dismissing said exceptions and a final decree of the court was filed confirming the amended or restated account and the amended adjudication thereon. By this decree the estate of the late guardian was relieved of the surcharge of $697.65, and the further sum of $238.61.

We have recited the proceedings somewhat at length, so that it may clearly appear that the learned auditing judge and president judge of the orphans' court seem to have conducted the hearings and all steps in this case in a regular and orderly manner, and that at all of the hearings all interested parties were present or duly represented by counsel. It has often been decided by our Supreme Court that the findings of fact and conclusions of judges, masters, etc., having jurisdiction of the subject-matter and the parties, are entitled to much weight and will only be reversed for clear error. The burden in such case rests on the appellant to satisfy the appellate court of such er-

ror in fact, or law, or both, as calls for a reversal, to prevent injustice, and failing in that the decree will be affirmed.

The burden of the appellant's complaint is that there was no evidence before the learned auditing judge upon which he could find that the surcharge to the original account was erroneous. This contention loses sight of the fact that the learned auditing judge heard all of the evidence that was offered in this matter, and he made this surcharge, and when the amended or restated account by the executor was presented, and a petition for a rehearing was granted, the whole question was then open and before the judge for reconsideration. The presumption is that he reviewed all of the evidence and viewed it in the light of the amended account and although there was no direct evidence of the correctness of it, yet it may have suggested such facts and figures as caused the learned judge to reach a different conclusion on the evidence already in. And this is precisely what we think happened. Then again the case was considered by the learned president judge and he duly confirmed the adjudication.

We are not satisfied of any such serious error, either of fact or law, as calls for a reversal of the decree.

The exceptions are all dismissed and the decree is affirmed at the costs of the appellant.