## Canaan Township Overseers *v.* Covington Township Overseers, Appellant.

*Poor law—Settlement of husband—Change of settlement—Wife's settlement.*

A husband whose wife is in a state insane asylum as a charge upon the township in which he resides, may acquire a new settlement by removal to another township, and after such new settlement has been acquired, the wife will become a charge upon the township to which the husband has removed.

Argued March 3, 1913.   Appeal, No. 34, March T., 1913, by defendant, from order of Q. S. Wayne Co., Jan. T., 1912, No. 17, affirming order of removal in case of Canaan Township Overseers v. Covington Township Overseers.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Petition for order of removal.

SEARLE, P. J., filed the following opinion:

This case comes before the court upon a petition for an order of removal and answer thereto.   The facts are not in dispute.   From the petition and answer it appears that about July 1, 1891, one Susan J. Niles, a resident of the township of Canaan, Wayne

county, was sent to the Hospital for the Insane at Danville, and at that time was a charge upon the poor district of Canaan township, and that she is still in said asylum and a charge upon said poor district. It further appears that she was then a married woman and that her husband is now a resident and has obtained a legal settlement in the township of Covington, Lackawanna county, unless he had been prevented from so doing by reason of his wife being a charge upon the poor district of said Canaan township. Two questions therefore are to be decided from the pleadings in this case: First, can a husband, who has removed from a township, leaving his wife a charge upon that township, acquire a settlement in another township during the time his wife is still a charge? And, second, if he can acquire such a new settlement, does the settlement of his wife follow his settlement?

The learned counsel for the defendant have urged with much force that while a man is receiving relief as a pauper in one district, he cannot obtain a settlement elsewhere, and that relief afforded to his family, for whose support he is liable, is, as a rule, an aid to him.

Our courts have held that while a pauper is chargeable and receiving aid from one district, he cannot acquire a settlement in another district. See Lewisburg Poor Overseers v. Milton Poor Overseers, 18 W. N. C. 141; Lawrence Overseers v. Delaware Overseers, 148 Pa. 380.

The courts of the New England states have quite uniformly decided that aid given to a man's wife has the same effect upon settlement as if it were given to him. See East Sudbury v. Waltham, 13 Mass. 460, and Oakham v. Sutton, 54 Mass. 192.

The doctrine of the Massachusetts courts is adopted by the courts of New Hampshire, Croydon v. Sullivan County, 47 N. H. 179; Connecticut, Norwich v. Saybrook, 5 Conn. 384; Vermont, Wilmington v. Somerset, 35 Vt. 232; Maine, Clinton v. York, 26 Maine, 167.

The reasoning of the judges in the cases decided by the New England courts appears very cogent. Judge ELWELL, however, in the case of the Scranton Poor District v. Directors of the Poor of Danville and Mahoning, 106 Pa. 446, cites these cases among others, but decides that a man may gain a new settlement in a new district notwithstanding the fact that at the same time his wife is receiving relief as a pauper in the district of his former settlement. This case was affirmed by the Supreme Court upon the opinion of the learned judge. This ruling of the Supreme Court was followed by the Honorable GEORGE S. PURDY, judge of this court, in the case of Damascus v. Buckingham,. 1 Lack. L. N. 26.

Judge OLMSTEAD also followed the same ruling in the case of Homer Poor District v. Austin Poor District, 19 Pa. C. C. Rep. 546.

Therefore, following the precedent laid down in these decisions we find that Charles Niles, husband of the pauper, Susan J. Niles, at the time of the filing of the petition for the order of removal in this case, had acquired a legal settlement in the township poor district of Covington.

Section 10 of the Act of 1836, P. L. 543, especially provides that every married woman shall be deemed during coverture and after her husband's death to be settled where he was last settled. This statute is clear and plain and there are no exceptions whatever thereto and we cannot disregard the plain terms of this act of assembly but must follow it. Therefore, from this act of assembly and following the rule laid down in the case of Scranton Poor District v. Directors of the Poor of Danville and Mahoning, Overseers of Damascus v. Overseers of the Poor of Buckingham, and Homer Poor District v. Austin Poor District, we find that the settlement of the pauper, Susan J. Niles, followed the settlement of her husband, and that at the time of the obtaining of the order of removal she also had acquired a

28    CANAAN TWP. *v.* COVINGTON TWP., Appellant.

Opinion of Court below—Opinion of the Court.    [54 Pa. Superior Ct.

legal settlement in Covington township, Lackawanna county, Pa. This disposes of the two legal propositions above referred to and the only ones arising in this case.

Now, to wit, May 13, 1912, it is adjudged that the place of the last legal settlement of Susan J. Niles, is the poor district of the township of Covington, Lackawanna County, Pa., and the order of removal is therefore affirmed at the cost of the said Poor District of Covington.

*Error assigned* was the order of the court.

*C. P. Searle* and *R. M. Salmon*, with them *M. J. Martin*, for appellant.

*M. E. Simons*, for appellee.

OPINION BY RICE, P. J., July 16, 1913:
The material facts of this case and the legal questions arising thereon are fully and clearly stated in the opinion of the learned judge below, and the order might well be affirmed on that opinion. It is true, a man who is chargeable to, and receiving aid as a pauper from one district cannot acquire a settlement in another so long as that relation exists: Overseers of Lewisburg v. Overseers of Milton, 18 W. N. C. 141; Lawrence Overseers v. Delaware Overseers, 148 Pa. 380. It is contended that aid furnished to a man's wife by the overseers of the poor has the same effect upon settlement as if it were furnished to him, and, in support of this contention, appellant's counsel cite several New England decisions. These cases were cited and discussed by Judge ELWELL in Scranton Poor Dist. v. Danville & Mahoning Poor Dir., 106 Pa. 446, and, while he confessed a strong inclination to follow them, yet, upon full consideration of the language of the act of 1836, he concluded that it is "better to adhere to the plain words of the statute than to interpolate qualifications and provisos, to make it accord with what is held

to be law elsewhere, or even with our own ideas of what should have been inserted in the act." Accordingly he held that a man may gain a new settlement by residing and paying taxes in a new district, notwithstanding the fact that during the same time his wife, whom he had abandoned, was receiving relief as a pauper in the district of his former settlement. The judgment was affirmed by the Supreme Court upon Judge ELWELL's opinion, and the ruling above referred to has not been modified or questioned in any subsequent decision of which we are aware. Therefore, the learned judge was clearly right in accepting the decision as of binding authority in the present case, and in concluding that Charles Niles, husband of the pauper Susan J. Niles, had acquired a legal settlement in the respondent district at the time of the filing of the petition for the order of removal.

Our statute provides very explicitly that "every married woman shall be deemed, during coverture and after her husband's death, to be settled in the place where he was last settled:" Sec. 10, Act of June 13, 1836, P, L. 539; sec. 4, Act of May 1, 1909, P. L. 307. To avoid the effect of this plain statutory provision, it is argued that, when a wife becomes a lunatic and is placed in a state institution as a charge upon a certain district, she becomes "emancipated" from her husband and is incapable of acquiring a new settlement even though he is allowed to do so. It is not made clear what is meant by "a wife becoming emancipated from her husband." We know something of the meaning of "emancipation" as applied to parent and child; but the cases bearing upon the effect of the emancipation of a minor child upon the acquisition by him of a derivative settlement from his father, throw no light on the question before us, and give no countenance to the supposition that the same doctrine is applicable to the relation of husband and wife. By the established statutory rule the settlement of a wife "during coverture" follows that of her husband, and there is no warrant for a judicial interpretation of these words that would

make the facts alluded to in the above argument the equivalent of the fact that the wife has become discovert, in determining whether his settlement is hers. We need not pursue the discussion further, for the question is not an open one. In the case last cited the controversy was as to the settlement of a married woman, and it was held that she acquired a new settlement by derivation from her husband, notwithstanding the fact that at the time he abandoned her, and during all the time that he was acquiring the new settlement, she was insane and was being maintained in a state institution for the insane as a charge upon the poor district from which the husband removed. We do not see how it could be held differently, if full effect be given to the plain and unambiguous words of the statute.

The order is affirmed at the costs of the appellant.