## Blair County Poor District v. Huntingdon County Poor District

*Hays W. Culp*, for petitioner; *C. H. Whittaker*, for respondent.

PATTERSON, P. J., October 29, 1932.—The Blair County Poor District filed its petition to show cause why an order should not issue for the removal of Catherine Farber to the Poor District of Huntingdon County where her husband, H. P. Farber, resides, and for payment of expenses and cost of this proceeding by said Huntingdon County Poor District as well as maintenance charges from the date of notice of the filing of said petition. The facts are not in dispute.

Catherine Farber has been an inmate of the Blair County Home for many years, during which time her husband has established a bona fide residence near Water Street in Huntingdon County, where he has resided for a number of years. The question to be determined under the pleadings in this case is, which of the two counties is liable for the maintenance and support of said pauper?

The respondent contends that the said Catherine Farber has a legal settlement in Blair County and has never gained a settlement in Huntingdon County, and that the residence of the husband acquired since the wife's confinement in the County Home of Blair County does not relieve the Poor District of Blair County of its obligation to maintain and support the said Catherine Farber. The petitioner contends that the bona fide residence of the husband establishes the liability of the county in which he lives for the maintenance and support of his indigent wife, and with this contention we agree.

Section 10 of the Act of June 13, 1836, P. L. 539, provides that the wife's settlement is that of her husband, and nothing to the contrary is found under The General Poor Relief Act of May 14, 1925, P. L. 762.

The respondent relies upon the Act of 1925 and argues that this legislation repeals the Act of 1836. However, the language of the Act of 1925 is almost a

verbatim reproduction of the language used in section 1 of the Act of April 6, 1905, P. L. 112. And the Superior Court has held that the Act of 1905 did not repeal the Act of 1836. Section 800 of the 1925 act reads as follows:

"A settlement may be gained in any poor district by any person not a public charge, married or single, who bona fide comes to inhabit therein and continues to reside there for one year."

And the language of the 1905 act is:

"That a settlement may be gained in any poor-district by any person, married or single, who bona fide comes to inhabit therein and continues to reside there for one year."

In Directors of Home for Destitute v. Fayette County Almshouse, 72 Pa. Superior Ct. 491, 492, the Superior Court, in an opinion by Judge Keller, says:

"This court has already decided that the Act of June 13, 1836, P. L. 539, relating to the support and employment of the poor, is not repealed by the Act of April 6, 1905, P. L. 112, providing for the relief of poor persons, regulating their settlement in poor districts, and providing a means of enforcing the removal of a poor person to the district of his settlement, etc."

The Supreme Court in Scranton Poor District v. Directors of the Poor of Danville and Mahoning, 106 Pa. 446, in construing the Act of 1836 holds (quoting from the syllabus) :

"A man may gain a new settlement by residence and paying taxes in a new district, notwithstanding the fact that during the same time his wife, whom he had abandoned, was receiving relief as a pauper in the district of his former settlement.

"In such case an order is proper for the removal of the wife to the new settlement acquired by her husband."

The Act of 1925 does not repeal or modify the provisions contained in the Act of 1836 controlling the present case and the law laid down in the Scranton Poor District case, supra, must necessarily be followed.

In Canaan Township Overseers v. Covington Township Overseers, 54 Pa. Superior Ct. 25, it is held (quoting from the syllabus) :

"A husband whose wife is in a state insane asylum as a charge upon the township in which he resides, may acquire a new settlement by removal to another township, and after such new settlement has been acquired, the wife will become a charge upon the township to which the husband has removed."

Therefore, following the rule laid down in these cases of the Supreme and Superior Courts we conclude that the settlement of the pauper Catherine Farber followed the settlement of her husband, and on the date of the petition for her removal to the Poor District of Huntingdon County she also had acquired a legal settlement in Huntingdon County.

### Decree

Now, October 29, 1932, it is adjudged and decreed that the legal settlement of Catherine Farber is the Poor District of Huntingdon County, and it is ordered and decreed that the said Catherine Farber be forthwith removed from the Poor District of Blair County to the Poor District of Huntingdon County and committed to the custody of the Directors of the Poor of Huntingdon County at the cost of said Poor District of Huntingdon County, and it is further ordered and decreed that the cost of maintenance of the said Catherine Farber by the County of Blair shall be paid for by the Poor District of the County of Huntingdon since the date of service of notice upon the Poor District of Huntingdon County of the filing of this petition to the date of her removal.

From Robt. W. Smith, Hollidaysburg, Pa.