## Beaver Twp. Overseers of Poor *v.* Black Creek Twp. Overseers of Poor, Appellant.

Argued March 1, 1937.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Adrian H. Jones,* with him *C. W. Dickson,* for appellant.

*Harold G. Teel,* with him *Walter G. Treibly,* for appellees.

OPINION BY BALDRIGE, J., April 15, 1937:

The Overseers of the Poor of Beaver Township, Columbia County, cited the Overseers of the Poor of Black Creek Township, Luzerne County, into court to show cause why an order should not issue for the removal of Henry J. Kendrick, a pauper, to the latter poor district, where, it is averred, he had his last legal settlement.

The learned court below, after taking a considerable amount of testimony, concluded that the legal settlement of the pauper at the date of the filing of the petition was Black Creek Township, Luzerne County, and directed that he be removed thereto, and that the Overseers of the Poor of that township pay to the Overseers of the Poor of Beaver Township the amount expended for maintaining him from the first day of March, 1935. From this decree an appeal was taken. We find no reason to differ with the conclusion reached by the learned court below.

Kendrick, the pauper, was born on May 15, 1876, in Beaver Township, Columbia County. In 1896 his mother and stepfather, with whom he resided, moved to Fern Glen, Black Creek Township, Luzerne County. About one year later he became of age and worked in and around the coal mines in that neighborhood until

July 7, 1899, when he enlisted in the United States Army for service in the Philippine Islands. He acquired a settlement in the poor district of Black Creek Township when he reached his maturity and it continued unless he thereafter gained a new settlement: *Loyalsock Twp. Overseers v. Eldred Twp. Overseers,* 154 Pa. 358, 26 A. 313. Receiving an honorable discharge from the army in 1902, he returned to his family, who, in the meantime, had moved to Nuremberg, North Union Township, Schuylkill County. After remaining there for several months, he, with his brothers, obtained work at Berwick, Columbia County, where he lived approximately six months, then returned to Nuremberg.

The testimony respecting the various places the mother and her husband lived, and how long they stayed, is quite indefinite. They undoubtedly moved at frequent intervals. A brother testified: "We moved so much; it was different changes; the old man would change every time he would get a chance to change." The pauper continued to reside with his parents, wherever they happened to be, until he was married. The date of that event, and the length of time he lived with his wife, now deceased, no one was able to state definitely. We think the trial judge was justified in his finding that the pauper was married the latter part of 1904 or early in 1905, and that between January, 1903, and October, 1905, he lived in Black Creek Township, Luzerne County, and in North Union Township, Schuylkill County, but not long enough continuously to gain a new settlement in the latter township. The brother testified that the United States government paid the pauper a pension for four or five months in 1903 because he was insane. The indefinite testimony offered by the appellant did not convince the trial judge that the pauper had ever paid rent or that he was able, owing to his mental condition, to enter into a contract of rental.

Kendrick was arrested on October 7, 1905, in North Union Township for disturbing the peace and committed to the Schuylkill County jail, and on December 1, 1905, by court order, he was transferred to the Schuylkill County almshouse as an insane pauper and detained there as such until April 11, 1907, when he was discharged. He once more returned to the home of his mother who then resided in Black Creek Township, Luzerne County, where he was arrested, September 22, 1907, and five days later, he was duly adjudged insane and committed to the hospital at Retreat, Luzerne County, and remained there until September 8, 1932, when he was paroled for a period of six months in care of his brother Eugene, who lived at that time in North Union Township. Kendrick is undoubtedly now an insane pauper and has been continuously since his transfer from the Schuylkill County jail, December 1, 1905.

The appellant contends that the pauper gained a legal settlement in North Union Township, Schuylkill County, by having a bona fide residence there for more than a year between 1903 and 1905, as he did not become a public charge until December 1, 1905. The provisions of the Act of June 13, 1836, P. L. 539, then in force, remained unchanged until the Act of April 6, 1905, P. L. 112, which did not repeal the 1836 Act, but only declared an additional mode of acquiring a settlement in a poor district: *Destitute Home v. Fayette Co. Almshouse,* 72 Pa. Superior Ct. 491. There followed the General Poor Relief Act of 1925, May 14, P. L. 762, and the Act of 1933, May 23, P. L. 966, which was an amendment to the Act of 1925, but, as it is admitted that the pauper could not have acquired a settlement after December 1, 1905, the provisions of the acts passed subsequent thereto are not material. The Act of 1836 provides that a settlement may be gained in any district by any one who shall become

seized of a freehold estate and shall dwell therein for a whole year.

It appears that after the pauper was married he lived in different houses in Nuremberg, through which runs the dividing line between Schuylkill and Luzerne counties. Part of the time he resided on one side of the line and part of the time on the other. When he lived in North Union Township, Schuylkill County, he was assessed for the years 1904 and 1905 and his name also appeared in assessment books for 1906, but was stricken off the latter year as he was no longer a resident there. Frank Wamby, the tax collector, testified that he never collected any tax from Kendrick, nor had he knowledge that Kendrick had ever paid any taxes in Schuylkill County. One may gain a settlement by residing and paying taxes in a new district, but mere assessment without payment of taxes is not sufficient to create a new settlement: *Scranton Poor District v. Directors of the Poor of Danville,* 106 Pa. 446; *Dallas Township Poor District v. Eaton Township Poor District,* 161 Pa. 142, 28 A. 1070.

Considering this entire record, and giving due weight to the trial judge's findings of fact, to which they are entitled *(Hortz's Estate,* 26 Pa. Superior Ct. 489), we have come to the conclusion that the pauper never acquired a new legal settlement after he entered the army in 1899.

The decree of the lower court is affirmed, at appellant's costs.