## Ditchfield et ux. *v.* Tharp, Appellant.

*Negligence—Contributory negligence — Automobile accident — Near school house—Death of minor child—Case for jury.*

It is the duty of a driver of a motor vehicle to exercise special caution while driving in the vicinity of a school house, for the protection of the children who congregate there.

In an action of trespass to recover damages for the death of a minor child, the case is for the jury and verdict for the plaintiff, will be sustained where there is evidence to warrant a finding

that the defendant's car was being driven at an excessive rate of speed in the vicinity of a school house, and that no warning was given to attract the attention of the school children engaged in their sport and play.

*Evidence—Earning capacity of decedent—Earnings of minors in same locality.*

In an action to recover damages for the death of a ten-year-old boy, evidence of the earnings of children in the same locality is admissible for the purpose of determining the probable earning capacity of the deceased child.

Argued October 27, 1920.    Appeal, No. 165, Oct. T., 1920, by defendant, from judgment of C. P. Northumberland County, May T., 1919, No. 166, on verdict for the plaintiffs in the case of Thomas Ditchfield and Cora Ditchfield, his wife, v. Clinton A. Tharp.    Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KEL-LER and LINN, JJ.    Affirmed.

Trespass to recover damages for death of minor child. Before CUMMINGS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs for $1,500 and judgment thereon.    Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*J. A. Welsh,* for appellant.—The deceased was guilty of contributory negligence which the defendant could not be expected to guard against: Eastburn v. United States Express Company, 225 Pa. 33; Frank v. Allegheny Valley Street Railway Company, 58 Pa. Superior Ct. 546; Chilton v. General Traction Company, 152 Pa. 425; McKee v. Harrisburg Traction Company, 211 Pa. 47; Sontgen v. Kittanning & Ford City Street Railway, 213 Pa. 114; Tatarewicz v. United Traction Company, 220 Pa. 560; Miller v. Union Traction Company, 198

Pa. 639; Harry Funk v. The Electric Traction Company, 175 Pa. 559.

*Charles C. Lark* and *William W. Ryon,* for appellee, cited: Hulhern v. Phila. Homemade Bread Co., 257 Pa. 22; Bloom v. Whelan, 56 Pa. Superior Ct. 277; Kuehne v. Brown, 257 Pa. 37; Walbridge v. Schuylkill Electric Ry. Co., 190 Pa. 274; Yenger v. Gately & Fitzgerald, Inc., 262 Pa. 466; Tatarewicz v. United Traction Co., 220 Pa. 560; Reese v. France, 62 Pa. Superior Ct. 128.

Opinion by Head, J., March 5, 1921:

Plaintiffs were the father and mother of a ten-year-old boy who was struck by an automobile truck driven by the defendant, and, as a result of the injuries then received, shortly thereafter died. The accident occurred on a public highway known as Market street in the village of Tharptown; another street called Grant street connected with Market street at right angles. On the corner of the two streets was a large lot upon which was erected the public school of the village. The defendant lived and did business in the immediate vicinity of the school property and was quite familiar with the ordinary conditions there existing. He started with his truck in the morning between eight and nine o'clock, before the morning session of the school had begun, and at an hour when the pupils might be expected to be assembling there. At the corner of the two streets, at the edge of the sidewalk in front of the school property, there was a mail box. The mail man was at that box. There was some snow on the ground and the boys were snowballing, awaiting the summons for the morning session of the school. It was alleged in the statement of claim that the truck was being driven rapidly; that no warning signal of its approach was given and that as a consequence the defendant was unable to control his car in time to prevent the boy being run down. There was evidence to warrant a finding that the car was being driven

at excessive speed under the circumstances and that no warning was given to attract the attention of the boys engaged in their sport and play. The contention of the defendant was that he was driving carefully; that warning was given; that the boy suddenly darted out into the street from behind the mail wagon right in front of the moving truck, giving to the defendant no reasonable opportunity to stop it. It appears to us a mere statement of these facts demonstrates the case involved questions of fact which necessarily must have been submitted to a jury.

Under the conditions there existing, the duty of the driver of a motor vehicle has been stated in many cases. We content ourselves with a quotation from one of them, Mulhern v. Phila. Bread Co., 257 Pa. 22, where Mr. Justice POTTER, among other things, said: "The jury may well have found that the proximity of a number of children upon the sidewalk at the side of the street upon which he was driving, and the well known tendency of children to make sudden and heedless dashes, should have put the driver upon his guard at that particular place, at least to the extent of keeping his horse well in hand. It is common knowledge that special caution is required for the protection of children who congregate in the vicinity of a school house." The same line of reasoning was followed in Bloom v. Wehlan, 56 Pa. Superior Ct. 277. The learned trial judge carefully submitted to the jury the questions of the negligence of the defendant and the alleged contributory negligence of the deceased boy. We can discover nothing in the manner of the submission to indicate any just ground of complaint on the part of the appellant. That there could not have been a binding direction in his favor seems to us so clear that it requires no discussion here. The only remaining assignment complains of the action of the court in admitting certain evidence tending to show the earning capacity of boys in a silk mill in that locality. It was necessary for the jury to ascertain from the evi-

dence what would have been the probable earning capacity of the deceased boy during the period of time when his earnings by law belong to his parents. The evidence complained of tended to enable the jury to reach a reasonable conclusion on that subject. We are of opinion the learned court below fell into no error in admitting the evidence over the objection of the defendant.

The assignments of error are overruled. Judgment affirmed.