## Hook *v.* Bell Telephone Co. of Pa., Appellant.

*Negligence—Automobiles—Children playing in street—Case for jury — Expectancy of life — Condition of life — Evidence — Sufficiency.*

In an action of trespass to recover damages for the death of a child the question of defendant's negligence was properly for the jury upon the following facts:—The child, a boy of about five, had been sitting on the doorstep with his mother, and was struck by defendant's motor truck as he ran into the street while she went to get him a drink of water.    There were a number of children playing in the street, it was daylight, shortly before noon, and there were no obstructions to the driver's view.    The truck came into the street at a speed estimated at from 18 to 20 miles per hour and gave no warning of its approach.

When a jury has awarded so small an amount as $450 for the death of a five-year-old boy an objection that there was not sufficient evidence to sustain the verdict, because there was no proof of the child's expectancy of life or of his parent's condition of life or probable expense for the boy's boarding and clothing, is without merit. If the verdict had been large there might have been some basis for complaint, but such is not the case where the jury could hardly have allowed less if anything was awarded.

Argued October 16, 1922.    Appeal, No. 144, Oct. T., 1922, by defendant, from judgment of C. P. No. 3, Phila. Co. Sept. T., 1920, No. 6343, on verdict for plaintiff, in the case of Michael Hook v. The Bell Telephone Com-

pany of Pennsylvania.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's son.  Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $450 and judgment thereon.   Defendant appealed.

*Errors assigned* were refusal to give binding instructions for defendant and refusal to enter judgment for defendant non obstante veredicto.

*Benjamin O. Frick,* and with him *Evans, Bayard & Frick,* for appellant.—There was absolutely no testimony that the boy entered the roadway at a sufficient distance from the automobile, to permit of its being stopped before the collision occurred.   Consequently defendant cannot be charged with negligence: Stahl v. Sollenberger, 246 Pa. 525.

There was no evidence of any damages and therefore can be no recovery: Caldwell v. Brown, 53 Pa. 453; Peters v. Bessemer & Lake Erie R. R. Co., 225 Pa. 307.

*James F. Masterson,* and with him *Owen F. McLane,* for appellee.—It was for the jury to say whether a motor truck being operated at a speed of 20 miles an hour on a narrow street, in a crowded neighborhood, where a large number of children are playing was negligence under all the circumstances: Bloom v. Whelan, 56 Pa. Superior Ct. 277;  Fairman v. Dorney et al., 73 Pa. Superior Ct. 238;  Ditchfield et ux. v. Tharp, 75 Pa. Superior Ct. 563;  Mulhern et al. v. Phila. Homemade Bread Co., 257 Pa. 22;  Keuhne v. Brown, 257 Pa. 37.

The courts in Pennsylvania have frequently held that in estimating the value of the life of a growing boy and the subsequent damage by his death, it must be left to the

sound discretion of the jury: Cosgrove v. Hay, 54 Pa. Superior Ct. 175; McCleary v. Pittsburgh Rys. Co., 47 Pa. Superior Ct. 366; Hoon v. Traction Co., 204 Pa. 369.

OPINION BY HENDERSON, J., March 2, 1923:

This action was brought by the plaintiffs to recover damages for the loss of their son aged about five years who was run over and killed by a motor truck of the defendant. The accident occurred on Orleans Street between Eleventh Street and Germantown Avenue in the City of Philadelphia. The street is narrow and extends through one block; it has no street car line; the buildings on each side are occupied as residences. The accident occurred, between eleven and twelve o'clock in the forenoon, at which time a number of small children were playing in the street and on the sidewalk. Mrs. Hook was sitting with her little boy on the doorstep where she left him to get a drink of water for him. When she returned the accident had occurred. There was evidence that the car was moving at a speed of 18 or 20 miles an hour; that the driver had an unobstructed view of the street from the time he turned into Orleans Street from Eleventh Street and that he did not give warning of his approach. No evidence was offered for the defense—the contention being that the plaintiffs' evidence was not sufficient to make out a case. The court refused to give binding instructions or to enter judgment non obstante veredicto, and this action is sufficiently supported by authority. A discussion of the law applicable to such occurrences and particularly of the duty of the driver of a vehicle to observe due care where small children are congregated on the street or sidewalk may be found in Mulheren v. Phila. Homemade Bread Co., 257 Pa. 22; Kuehne v. Brown, 257 Pa. 37; Bloom v. Whelan, 56 Pa. Superior Ct. 277; Ditchfield v. Tharp, 75 Pa. Superior Ct. 563. The well-known tendency of young children to run heedlessly into the street calls for extra caution. The evidence shows that there was no other vehicle on this street at the time

of the accident and the driver's view was clear. If he was operating the car at a speed of 18 or 20 miles in close proximity to the group of young children referred to by the witnesses, the jury could have found there was a lack of such care as the circumstances demanded. A review of the evidence convinces us that the case was properly submitted to the jury and that the instruction in the charge was as favorable as the defendant could have asked. More than this it is not entitled to.

The objection that there was no evidence of the probable cost of boarding and clothing the son during his minority nor evidence of the condition in life of the parents and therefore no evidence to support a claim for damages does not sustain the request for binding instructions. The verdict was for $450. It was assumed, as shown by the charge of the court, that the child was about five years of age—the father and mother were witnesses. A photograph exhibited their home and the homes of those living in the neighborhood from which some evidence of their condition in life might be drawn by the jury. It was said in Hoon v. Traction Co., 204 Pa. 369, that a verdict in such cases is always more or less conjectural, but the common experiences of life furnish some basis for a reasonable estimate. The probable duration of the life of the son was as evident to the jurors as it would have been if some witness had testified on the subject, and when consideration is given to the small amount of the verdict, it cannot be said the jury was over liberal. The subject was considered in Cosgrove v. Hay, 54 Pa. Superior Ct. 175; McCleary v. Pittsburgh Ry., 47 Pa. Superior Ct. 366; and Firestine v. Reading Ry., 56 Pa. Superior Ct. 42, and the charge of the court was not inconsistent with these cases. If the verdict had been large, there might have been some basis for the complaint that the evidence was not sufficient to justify it, but such is not the case here, for a jury could hardly give less if anything were awarded.

The assignments are overruled and the judgment affirmed.