Frantz et ux., Appellants, *v.* Gower.

Argued March 7, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*R. L. Mervine,* with him *L. A. Achterman,* for appellants.

*Arlington W. Williams,* with him *Wilton A. Erdman,* for appellee.

OPINION BY JAMES, J., October 2, 1935:

Appellants brought suit for the death of their minor

son, caused by the negligent operation of an automobile by the defendant. The trial resulted in a verdict for the plaintiffs for the sum of $464. Plaintiffs moved for a new trial on the ground that the court had sustained objections to offers by plaintiffs to prove the age of plaintiffs; their physical inability to support and maintain themselves and their dependence upon the minor for support and maintenance; the plans of the minor son to support his parents after reaching his majority; his intention to remain with his parents and support them for the balance of their lives; his purchase of expensive machinery for the farm occupied by the plaintiffs and for the purchase of additional farm land. The motion for a new trial was refused; hence this appeal.

The assignments of error raise the single question as set forth in appellants' brief: "Can reasonable expectation of pecuniary damages after the age of 21 years be recovered by parents of minor, who at the time of his death was 20 years, 5 months of age and the mainstay of his parents, against defendant tort feasor responsible for the minor's death?"

The right to recover damages for the death of a deceased minor is based upon the Act of April 26, 1855, P. L. 309, as amended by the Act of June 7, 1911, P. L. 678, (12 PS §1602), which is as follows:

"Section 1. Be it enacted, etc., That the persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; ...... and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this Commonwealth."

The Act does not provide what damages may be recoverable, but by a long line of cases the courts of this State limited the right of recovery to parents where

the child died during his minority, "by the pecuniary value to them of his services during his minority, to- gether with expenses of care and attention to the de- ceased arising out of the injury, funeral expenses and medical services, if any. This is the only pecuniary damage done to them and this the law allows them to re- cover, if entitled on the facts to recover at all": Penna. R. R. v. Zebe, 33 Pa. 318; Penna. R. R. v. Kelley, 31 Pa. 372, 379; Caldwell v. Brown, 53 Pa. 453; Lehigh Iron Co. v. Rupp, 100 Pa. 95. In the case of Caldwell v. Brown, supra, plaintiff submitted the following point: "The measure of damages is not to be confined simply to what wages the deceased might have earned during his minority but may also include the advantage of his society and assistance at home, out of active labor hours; and also the contingency of his remaining at home and laboring for his parents after he attained his majority—as well as the aid they might reasonably expect from him in their old age even if he were mar- ried." To which point the court answered: "This point is answered in the negative. It is the pecuniary value of the service of the boy during his minority that can be recovered." On appeal this was held to be clearly the law and a proper answer to the instruction prayed for. In the case of Gaydos v. Domabyl, 301 Pa. 523, 152 A. 549, in an opinion by Justice KEPHART, he lays down the rule as follows: "Thus, if parents sue for the loss of a minor child, their expectation is the pres- ent worth of his earnings or the present worth of the probable value of his services until he reaches the age of twenty-one less what the parents would be required in the meantime to pay for his maintenance: Peters v. Bessemer & Lake Erie R. R., 225 Pa. 307, 74 A. 61; Hoon v. Beaver Valley Traction Co., 204 Pa. 369, 54 A. 270; Hook v. Bell Telephone Co., 81 Pa. Superior Ct. 120; McCleary v. Pittsburgh Rys. Co., 47 Pa. Su- perior Ct. 366, 374; Esher v. Mineral Railroad & Mining

Co., 28 Pa. Superior Ct. 393." In the case of Deninger v. American Locomotive Co., 185 Fed. 22, where the minor child was twenty years and five months of age, the Circuit Court of Appeals felt bound by the Pennsylvania decisions that the parents could only recover the value of his services during minority.

Plaintiff earnestly argues that the facts in the present case bring them within the language used by Justice KEPHART in the case of Gaydos v. Domabyl, supra, wherein he said: "While twenty-one years of age is fixed as the limit after which damages may not be recovered for the death of a minor, there may be cases when the minor is close to the age of twenty-one and the mainstay or one of them of the family when killed, in which case the foregoing rule should be modified. It is so in the case of adult children who contribute. This is the rule in a great many states." It will be noted that Justice KEPHART indicates that the rule *should* be modified and we feel warranted in saying that the facts in the present case are very appealing, but until such time as the Supreme Court has modified the rule that has been followed for more than three-quarters of a century, we feel bound to adhere to it.

Judgment affirmed.