# Esher, Appellant, *v.* Mineral Railroad & Mining Company (No. 2).

*Negligence—Death—Minor—Measure of damages.*

For the death of a minor caused by the negligent act of another, parents are entitled to recover expenses incurred by reason of the death, and also the value of his services until he reaches the age of twenty-one years, less cost of his board and clothing and personal expenses. The jury, however, cannot take into consideration the chances that his life may continue, and that he may have the disposition and ability after reaching his majority to support his parents.

Argued Oct. 27, 1904. Appeal, No.    , Oct. T., 1904, by plaintiff, from judgment of C. P. Northumberland Co., Feb. Term, 1903, No. 201, on verdict for plaintiff in case of John J. Esher and Margaret E. Esher v. Mineral Railroad & Mining Company. Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's minor son. Before AUTEN, J.

At the trial defendant presented, inter alia, these points:

14. Life has a value for the loss of which the survivors have a right to be compensated in view of the circumstances. The sound sense of the jury must ascertain the pecuniary value from the evidence in the case as best they may. *Answer :* The fourteenth point is refused without reading. [1]

15. The right of parents to recover damages for the death

of a child, under the act of 1855, is derived from the act itself, and does not depend on the right to the child's services. *Answer :* The fourteenth and fifteenth points are refused without reading. [2]

The court charged in part as follows:

[If you should conclude that the plaintiffs are entitled to recover, I say to you as a matter of law that they are entitled to recover for the expenses they have incurred by reason of the death of this boy. Those expenses, as testified to by the mother, were $84.00 as I recollect her evidence, including the casket, cabs, etc., on the occasion of the funeral.

Besides that, the parents are entitled to the value of the services of this boy to the age of twenty-one years, that is the net value of his services. The testimony is that he was earning about $5.00 a week, or an average of from $15.00 to $18.00 per month. In estimating the net value of those services you will recollect, of course, that his board, clothing, and matters of that kind are necessarily to be deducted from the gross amount. What then, would the net services of this boy have been worth to his parents from the age he was at the time of his death—about seventeen years and two months—until he would have arrived at the age of twenty-one years? You are not permitted, gentlemen of the jury, to take into consideration any value that his services might be to his parents after his arrival at the age of twenty-one years. Now that becomes a mere matter of calculation in making such an estimate, and you are just as capable of arriving at a just and proper conclusion as any one else.] [3]

*Errors assigned* were (1–3) above instructions, quoting them.

*J. W. Gillespie,* of *J. W. Gillespie & Son,* for appellant, cited: Penna. R. R. Co. v. Bantom, 54 Pa. 495; Cleveland & Pittsburg R. R. Co. v. Rowan, 66 Pa. 393; Penna. R. R. Co. v. Keller, 67 Pa. 300; McHugh v. Schlosser, 159 Pa. 480; Hoon v. Traction Co., 204 Pa. 369; Blauvelt v. R. R. Co., 206 Pa. 141; Penna. R. R. Co. v. Bowers, 124 Pa. 183.

*S. P. Wolverton,* for appellee, cited: Penna. R. R. Co. v. Zebe, 33 Pa. 318; Caldwell v. Brown, 53 Pa. 453; Lehigh Iron Co. v. Rupp, 100 Pa. 95.

OPINION BY HENDERSON, J., July 13, 1905:

This is an appeal by the plaintiffs from the ruling of the court below on the measure of damages. An appeal by the defendant in the same case has been disposed of by an opinion this day filed. The court instructed the jury that if they should find for the plaintiffs they were entitled to recover for the expenses they had incurred by reason of the death of their son, and also the net value of his services until he reached the age of twenty-one years. In estimating the net value of services they were instructed to deduct the cost of his board and clothing and personal expenses. The instruction complained of was in harmony with numerous adjudications of the Supreme Court. In Caldwell v. Brown, 53 Pa. 453, the point was expressly ruled, and the instruction of the court below that the measure of damages was the pecuniary value of the services of the son during his minority was affirmed. The same rule was declared in Lehigh Iron Company v. Rupp, 100 Pa. 95.

Actions by parents for the death of children are not limited to the cases of minor children. There is a right of action existing in the case of the death of an adult child where the family relation exists and the parents had a reasonable expectation of pecuniary advantage: Penna. R. R. Co. v. Adams, 55 Pa. 499; North Penna. R. R. Co. v. Kirk, 90 Pa. 15; Blauvelt v. R. R. Co., 206 Pa. 141.

In the case of a minor, however, the chances that his life may continue and that he may have disposition and ability after reaching his majority to support his parents are held to be considerations too vague to be taken into account in estimating compensatory damages.

The instructions of the court in this case were correct. The appeal is therefore dismissed and the judgment is affirmed.