## Glaesser et al. v. Evans

*E. Arnold Forrest,* for plaintiffs.

*Edward M. Haws,* of *Larzelere & Wright,* for defendant.

DANNEHOWER, J., July 21, 1939.—This is an action of trespass brought by the parents of a deceased minor son and by the father, as administrator of his son's estate, to

recover damages sustained by them in both capacities by reason of the injuries and death of their minor son. The death occurred on September 13, 1938, allegedly as the result of being struck by defendant's automobile on September 9, 1938. No suit of any kind was instituted against defendant on behalf of the minor in his lifetime.

Defendant has filed a motion to strike off the statement of claim on the ground that the damages are improperly claimed. This practice is proper: Gabai, Inc., v. Krakovitz, 98 Pa. Superior Ct. 150 (1929).

The statement of claim alleges that said minor, Edward T. Glaesser, was 16 years of age and resided with his parents; that, as a result of the accident, injuries and death, plaintiff father was compelled to expend money for hospital bills, nursing, medical and surgical attention, and a funeral bill of $429; that, because of their son's death, they have been deprived "of the earnings and support of their minor son"; wherefore, as parents, they claim the sum of $10,000. The statement further sets forth that the father, as administrator of his minor son's estate, claims as administrator damages as follows:

"(a) For pain, suffering and agony suffered and undergone by the said Edward T. Glaesser, deceased; (b) for moneys expended and indebtedness incurred for hospital and medical attention, and for the funeral and burial of the said decedent; (c) for the loss of earnings that the said Edward T. Glaesser would, but for his said injuries, have earned and received, and for the total loss and destruction of his earning power and working ability for such a period of time in the future as the said Edward T. Glaesser would have lived, worked and earned for himself but for his injuries and untimely death as heretofore described; and (d) for the monetary value of the life of decedent based upon the reasonable expectancy of such life under all the facts and circumstances of the case", in the sum of $20,000.

In support of his motion, defendant contends the acts of assembly here pertinent do not permit the joinder of these

two separate causes of action or the above duplication of claims for damages and plaintiffs should elect under which capacity such claims are made.

There are two types of statutes generally used to remedy the old common-law rule that an action or cause of action dies with the death of the person injured. The first type is modeled after Lord Campbell's Act of August 26, 1846, 18 Eng. Stat. at L. 291, which creates in certain named relatives of the deceased a new cause of action for damages which they sustain by reason of his death. The distinguishing features of Lord Campbell's Act were enacted in Pennsylvania by the Act of April 15, 1851, P. L. 669, secs. 18, 19, and the Act of April 26, 1855, P. L. 309: Howard v. Bell Telephone Co., 306 Pa. 518, 521 (1932). The latter act, as amended by the Act of June 7, 1911, P. L. 678, designates the person or persons who may exercise the right conferred by the Act of 1851. The Act of May 13, 1927, P. L. 992, widened the scope of the damages which may be recovered in such an action: Gaydos et al. v. Domabyl, 301 Pa. 523 (1930).

Under the foregoing statutes, it cannot be disputed that plaintiffs, as parents, have a cause of action to recover damages for a wrongful death of their minor son. The damages which they claim, hospital bills, nursing, medical and surgical attention, funeral bill, loss of their son's earnings and support, are proper to the extent of the parents' actual pecuniary loss: Gaydos et al. v. Domabyl, supra.

The second type of statute is known as a survival statute. It provides that the personal representatives of the person injured may continue an action for personal injuries based on the cause of action which decedent had already instituted, or institute an action for deceased's injuries based on the cause of action which decedent had and which survives to the personal representatives. Obviously, this is not a new cause of action but simply a survival of the cause of action which the deceased already had. Until the 1937 session of the Pennsylvania legis-

lature, this State had a death act, as set forth above, and an act providing for the survival of actions: Fiduciaries Act of June 7, 1917, P. L. 447, sec. 35 (*a*) ; but there was no provision for the survival of causes of action. Such a provision of the Fiduciaries Act, sec. 35 (*b*), had been declared unconstitutional: Strain, Admr., v. Kern, 277 Pa. 209 (1923) ; on the sole ground that it was not clearly referred to in the title of the act, as required by article III, sec. 3, of the State Constitution. The Act of July 2, 1937, P. L. 2755, sec. 2, by amending the title to the Fiduciaries Act and reënacting section 35 (*b*) of the Fiduciaries Act, cured this unconstitutionality. Thus, in Pennsylvania, there is now a death act and a survival of causes of action statute: Lutge, Admx., v. Rosin et al., 32 D. & C. 338 (1938).

From the foregoing, it is apparent that the plaintiff father in the instant case, as administrator, has a cause of action under the Act of July 2, 1937, P. L. 2755, sec. 2, to recover certain damages for the wrongful death of his son. It remains to consider which of the damages claimed by him as such are proper elements of damages in this cause of action.

The first item claimed for pain, suffering and agony suffered and undergone by the deceased son is clearly a proper element of damage when it is recalled this is a survival cause of action, and that such damages could have been recovered by the minor had he lived.

The second item claimed for moneys expended and indebtedness incurred for hospital and medical attention, and for the funeral and burial of the said decedent is improper. The cause of action for medical and hospital expenses in the lifetime of the minor belonged not to him, but to his father, who was legally liable for such expenses. Since the minor could not recover them had he lived, it is difficult to see on what reasoning a survival of the minor's action can be made to include this element of damage. It is apparent, without statement, that the minor could not recover for his funeral expenses and that this element

could not be a part of his cause of action. Likewise, it cannot survive as a part of the cause of action to his administrator for this reason. While it is true that under the Act of April 1, 1937, P. L. 196, amending the Death Act of April 26, 1855, P. L. 309, as amended by the Act of June 7, 1911, P. L. 678, the personal representative may recover such expenses, if none of the relatives entitled to sue survives the decedent, this statutory provision is here not applicable, for the father not only survives the deceased son, but is his administrator, a factual situation which makes this legislation inapplicable to the instant case. It may be noted that such a recovery would be under the death acts and not under the survival statute here considered.

The third and fourth items claimed, the loss of deceased's earnings, earning power, and the monetary value of his life based upon the reasonable expectancy of such life, are essentially one and the same and may be treated as such since the only measure of the monetary value of a human life is what the life would have produced in money if it had not been terminated in death. A consideration of this element raises the question whether or not the period of recovery should be limited to the date of decedent's death. It is true as stated in Lutge, Admx., v. Rosin et al., supra, at page 344, that "To contend that some distinction should be made between the damages that the personal representative may recover where the *action* survives to him and where the *cause of action* survives to him . . . is to ignore the essential difference between the Death Act and the Survival Statute." This overlooks the fact that, where the action survives, the relatives have no cause of action under the death act and defendant is not faced with two suits. In Gannon et al. v. Lawler, 34 D. & C. 571, where this point was raised, counsel for plaintiff, though citing Lutge, Admx., v. Rosin et al., supra, conceded that damages recovered by the personal representative for future earnings should be diminished by the amount recovered by the relatives for

their share of future earnings. The court in the Gannon case, however, adopted the majority rule that the personal representative should recover for loss of time and loss of earning power caused by the injury for the fixed period between the injury and the death, referring to the decisions collected in an article, A New Death Act, by Milford J. Meyer, in 43 Dickinson Law Rev. 83. Such a limitation is desirable in that it removes all danger of a duplicate recovery, fixes a definite period easily ascertainable, and does not offend the Act of July 2, 1937, P. L. 2755, sec. 2, which does not expressly mention increasing a decedent minor's estate thus for the benefit of creditors. See also Stewart, Admr., v. The United Electric Light & Power Co. et al., 104 Md. 332, 65 Atl. 49 (1906), 44 Harv. Law Rev. 980, and cases therein cited.

The two causes of action set forth in the statement of claim are properly joined: Act of June 25, 1937, P. L. 2072; Gannon et al. v. Lawler, supra.

For the foregoing reasons, since there is no danger of a duplicate recovery, the damages in the two actions being clearly separable, there is no sound reason compelling a plaintiff to an election of remedies. A consideration of the question of proper damages in the two causes of action necessarily disposes of the further question sought to be raised in defendant's brief of the legal right or propriety of the suit by the administrator. This does not mean, however, that defendant is precluded from raising such a question in the proper way by an affidavit of defense raising questions of law.

Defendant raises the further point that the statement of claim, after stating that the first two plaintiffs are the father and mother of the deceased minor, fails to allege whether or not there are surviving the deceased minor other persons who would be entitled to the benefits of such an action. Such a statement is expressly required by section 2 of the Act of April 26, 1855, P. L. 309.

It follows, since damages are improperly claimed and the statement of claim does not comply with the death

74

statute by stating who are the parties entitled in such action, the rule granted should be made absolute.

And now, July 21, 1939, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows: (1) The rule granted on April 8, 1939, to show cause why the statement of claim in the instant case should not be stricken off is made absolute; (2) plaintiffs are granted 20 days after notice of this order to file an amended statement of claim, in accordance with this opinion.