## Arndt's Administrator v. Davis

*Henry J. Ruthreford,* for petitioner.
*Windolph, Berkholder & Hartman,* for respondents.
*Wilson Bucher,* for exceptant.

WISSLER, P. J., March 26, 1964.—The matter before us is on petition to compromise action and a rule to show cause why petition to compromise should not be approved. An answer was filed by Nancy Testerman to the rule to show cause. From the petition and answer we find the following facts.

Petitioner, above-named plaintiff, resides at Mt. Joy R. D. No. 1, Lancaster County, Pa., and on November

13, 1963, was duly appointed administrator of the estate of his deceased wife, Ruth Louella Arndt, who died on November 15, 1962, as the result of a motor vehicle accident wherein the automobile which she was operating was struck by a truck operated by defendant, Everett E. Davis, who was the servant of and acting in the employ of defendant, Valley Steel Products Company.

Petitioner has brought this action for damages for the death of said Ruth Louella Arndt under the Wrongful Death Act of April 26, 1855, P. L. 309, as amended, and under the Survival Act of April 18, 1949, P. L. 512, as amended, said decedent leaving to survive her the petitioner, William S. Arndt, her husband; William E. Arndt, a son born March 8, 1933; Nancy Testerman, a daughter born March 6, 1939; Ruth Ann Arndt, a daughter born October 31, 1948; and Rodney David Arndt, a son born January 28, 1952. The two minor children, Ruth Ann Arndt and Rodney David Arndt, resided with and were dependent upon decedent at the time of her death; they presently reside with their father, the petitioner, and the Union National Mount Joy Bank of Mt. Joy, Lancaster County, Pa., was duly appointed their guardian by the Orphans' Court of Lancaster County. The two adult children, William E. Arndt, residing in Florin, Lancaster County, and Nancy Testerman, residing in Marietta, Lancaster County, neither resided with nor were they dependent upon decedent at the time of her death.

The parties hereto are willing to enter into a compromise of this action under the following terms: Defendants are to pay to petitioner the sum of $39,600, $36,600 of which is to be allocated to damages under the Wrongful Death count of this action, and $3,000 of which is to be allocated to damages under the Survival Act count of this action. Petitioner advanced the sum of $1,293.58 for funeral expenses, etc., which

amount he desires to have deducted from $36,600 allocated to the Wrongful Death count of this action.

Petitioner and his attorney, Henry J. Rutherford, entered into a written agreement on October 26, 1963, whereby Henry J. Rutherford is to receive 25 per cent of the gross sum recovered if suit is instituted but settled prior to trial. With respect to the Wrongful Death count, said Henry J. Rutherford agrees that the 25 per cent shall be based on $35,306.42, being the net recovery less funeral expenses, etc., advanced by petitioner in the amount of $1,293.58, or $8,826.60. Under the said written agreement Henry J. Rutherford would receive under the Survival Act count 25 per cent of $3,000, or $750.

*Discussion*

The sole question to be determined is whether an adult, emancipated child is entitled to share in the distribution of damages in a Wrongful Death action when decedent, for whose wrongful death damages are being sought, has also left to survive her minor dependent children. The surviving husband, the petitioner, having paid from his own funds the funeral expenses in the amount of $1,293.58, should be refunded that amount.

The court has authority under Pa. R. C. P. 2206 (c) to fix the counsel fees and proper expenses out of the share of damages to which the minor is entitled. Under clause (b) of the same rule the court is required to make an order designating the persons entitled to share in the damages recovered and the proportionate share of the net proceeds to which each is entitled, and the guardian to whom the minor's share shall be paid. After deducting the funeral expenses and attorney's fee the proper distribution is the only question involved.

The Wrongful Death Act of April 26, 1855, P. L. 309, sec. 1, as amended, 12 PS §1602, provides: "The persons entitled to recover damages for any injuries caus-

ing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; . . . and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this Commonwealth." In Pezzulli, Admr., v. D'Ambrosia, 344 Pa. 643, 647, it was held that the purpose of an action brought under the Wrongful Death Act is for certain enumerated relatives to recover the pecuniary loss occasioned to them through deprivation of the part of the earnings of the deceased which they would have received from him had he lived. Again in speaking of the Wrongful Death Act the court in Kaczorowski v. Kalkosinski, Admr., 321 Pa. 438, 441, 442 said: "But where no action has been commenced by the deceased in his lifetime and an action is brought under the death statute, the recovery is for a loss occasioned to third parties by the death, not for the injuries to the deceased. Pain and suffering and loss of earning power are not recoverable. What is recoverable is the loss of pecuniary benefits which the persons named in the act would have received from the deceased had death not intervened: Gaydos v. Domabyl, 301 Pa. 523. By the statute there is given an explicit and independent right of action to recover the damages peculiarly suffered by the parties named therein. The legislature has selected certain relationships to the deceased as determining who those parties are, but the damages to be recovered by them must be pecuniary loss to themselves, it bears no relation to the damages recoverable by a decedent who sues for the injury while living: Gaydos v. Domabyl, Supra. Compensation is being sought therefore for the specific wrong to them." To the same effect this principle was cited with approval in Stegner, Administrator, v. Fenton, 351 Pa. 292.

Apparently there is no appellate authority on the particular issue raised in the instant case. The present state of law is well summarized in Goodrich-Amram Procedural Rules Service, Supplement, §§2201-31, page 90, as follows: "Apparently the Supreme Court so far has merely approved the total exclusion of a class of survivors under the Intestate Act if no member of that class has provable damages; and in such cases has authorized a distribution as though that entire class did not exist. The court has not yet entered into the more difficult analysis of the rights of individual members of a class, in order to determine whether one or more of them should be excluded as though they had not in fact survived the decedent.

"The court is faced with two clear alternatives. Either the provisions of the Wrongful Death Act must be strictly followed and a distribution made under the Intestate Act, without regard to possible windfalls, or the Act must be interpreted so as to prevent an inequitable benefit to particular individuals. The real difficulty is where to stop, if the second alternative is adopted. Are we merely to exclude an entire class if no member of the class is entitled to recover; are we to exclude any individual if he has no expectancy of support regardless of the presence of other qualified members of the same class; or are we to do real equity and apportion the recovery among the injured parties in strict accordance with their actual loss and without regard to the distribution ordered by the Intestate Act? If the Intestate Act is once disregarded, there is no logical reason for stopping short of the final step; there is no reason for not solving all the questions raised in the hypothetical illustrations given by adopting the rule 'to each according to the injury he has actually received.'"

There are two lower court decisions in each of which the court limited distribution to those children who

could show actual pecuniary loss: Leiby v. Hanlon, 24 D. & C. 508 and McAlister, Admr., v. Stevens, 41 D. & C. 612.

This court is in accord with the McAlister, Admr. v. Stevens case, supra, and believes that it was the intention of the legislature that the word "them" as used in the Act with relation to distribution, referred only to persons of the class who maintained the family relation and sustained a pecuniary loss, and that the rule as suggested in Goodrich-Amram, supra, "to each according to the injury he has actually received" should be adopted.

Since it is admitted that William E. Arndt and Nancy Testerman were adults at the time of decedent's death and did not reside with and were not dependent on decedent, they should not share in the distribution. The rule to show cause why the petition to compromise should not be approved is made absolute as to the facts set forth by the court in this opinion and, accordingly, distribution should be made in accordance with the following order:

And now, March 26, 1964, if no exceptions are filed within twenty days after notice of the filing of this opinion, the administrator is directed to distribute and pay out of the funds in his hands the amounts of $39,-600, of which $36,600 is allocated under the Wrongful Death Act, and $3,000 of which is allocated under the Survival Act to the following persons in the following amounts:

### Wrongful Death Act Count

To William S. Arndt, amount advanced for funeral expenses, etc.... $ 1,293.58

To Henry J. Rutherford, Esq., attorney's fee ...................... 8,826.60

To Prothonotary of Lancaster County, costs ......................... 50.60

To William S. Arndt, widower of decedent, ⅓ of net fund for distribution     8,809.74

To Union National Mount Joy Bank, Guardian of Rodney David Arndt, ⅓ of net fund for distribution ....     8,809.74

To Union National Mount Joy Bank, Guardian of Ruth Ann Arndt, ⅓ of net fund for distribution ........     8,809.74

$36,600.00

### Survival Act Count

To Henry J. Rutherford, Esq., attorney's fee .....................     $   750.00

To William S. Arndt, Administrator of the Estate of Ruth Louella Arndt, deceased .....................     2,250.00

$3,000.00