## Valentine Estate

*Marlyn F. Smith* and *Richard R. Block,* for minor's guardian.

*Paul C. Vangrossi,* for guardian of incompetent parent.

TAXIS, P. J., April 5, 1972.—This matter comes before the court upon petition of Continental Bank, guardian of the Estate of Michael Valentine, a minor, seeking an allowance for support, maintenance and educational funds for said minor.

Respondent, Olga Valentine, mother of Michael, was declared an incompetent by this court, and American Bank and Trust Company of Pennsylvania was appointed guardian.

The minor's petition asks for the payment of $25,-000 which represents, broadly, reimbursement in the amount of $14,000 for funds expended on behalf of the minor, a substantial part of which was advanced by the minor's own estate. Moreover, the minor's guardian has expended this $14,000 pursuant to order of the Bucks County court.[*] The minor's guardian takes the view that a parent is primarily

---

[*] Minor's guardian was appointed by the Bucks County court and the guardian for the incompetent was appointed by this court.

liable for a minor's support if the parent is financially able to do so. Cf. Huffman v. Huffman, 311 Pa. 123; Gaydos v. Domabyl, 301 Pa. 523.

The guardian of the incompetent has little if no complaint about the funds already spent on behalf of the minor and for the projected expenditure of funds. The real point of contention is the position of the incompetent's guardian that the mother's estate is not primarily responsible for the son's support and that since the minor has an estate of his own, his funds should first be used to "absorb some of the obligation of support."

After consideration of the evidence submitted, the court is satisfied that the funds paid on behalf of the minor and for which reimbursement is sought in the amount of approximately $14,000, is meritorious; that the primary liability of the mother to support her child requires that the funds be used for this purpose. The fact that the minor has property of his own is not to be considered.

In Fusco Estate, 8 Fiduc. Rep. 632, this question was considered and the court said:

"It is the law of this Commonwealth that the duty of a parent to support and maintain his children includes the child's education. It is also the law that it is only where the parent (father) is without any means or is without adequate means that an allowance will be made from the child's separate estate for the child's education. In re Harland's Accounts, 5 Rawle 323 (1835); Newport v. Cook, 2 Ashmead 332 (1841); see also 67 CJS, Sec. 15(c)."

Fusco Estate also cited Commonwealth v. Gilmore, 97 Pa. Superior Ct. 303, 308:

"The law, apart from statute has come to recognize that parental duty involves, in addition to provision

for mere physical needs, such instruction and education as may be necessary to fit the child reasonably to support itself . . ."

Also, in Fitler v. Fitler, 33 Pa. 50, the following language appears at page 53:
" 'There is no duty more clear and imperative than that of a father to support his children during their minority. And though we have no statute enforcing it, except in case of pauperism, I hold it to be a legal obligation. He [the parent] is absolutely bound to provide reasonably for their maintenance and education, even though they have property of their own; . . .' "

The request for $11,000 represents a request for allowance up to and including June 1973, or a period of approximately 15 months. This represents tuition at Wordsworth Academy, Flourtown, Montgomery County. The propriety of such amount as it relates to tuition has already been examined and approved by Judge Satterthwaite in his order dated February 2, 1971.

The court is satisfied also that, after consideration of the testimony, there are more than adequate funds to provide for the maintenance and care of Olga Valentine, the incompetent. Her maintenance and care is not in any jeopardy.

Furthermore, this matter is a continuing one in which the jurisdiction of this court continues and if, for any reason, unforeseen events occur that affect her ability to pay for the maintenance and care of her son, Michael Valentine, the process of this court is available for appropriate action. The prayer of the petition of Continental Bank is herewith granted.