**Sefret v. Tarter**

*Lewis H. Markowitz,* for plaintiffs.

*George F. Douglas, Jr.* and *Allen H. Smith,* for defendant Tarter.

*Robert J. Brown,* for defendant Duncker.


BUCKINGHAM, *J.,* January 9, 1979—These two cases involve an accident in York County, Pa., wherein Michael E. Sefret, the 16-year-old son of Jerome Sefret and Janet Sefret, was killed when the car in which he was a passenger, owned and operated by Robert J. Tarter, collided with a truck operated by Samuel D. Duncker. Michael E. Sefret was a resident of Maryland prior to his death and Jerome Sefret and Janet Sefret were and still are residents of Maryland. Letters of administration on Michael's estate were taken out in Maryland. Tarter was and still is a resident of Maryland, while Duncker was and still is a resident of Pennsylvania, but the truck that he was operating was registered in the State of Maine.

Pursuant to the pretrial order in both cases, at the request of all counsel, the court is herewith deciding prior to trial whether Maryland or Pennsylvania law governs the rights of the parties and, if Pennsylvania does, whether the Sefrets are entitled to damages for the loss of companionship and society of their minor child.

Addressing the latter problem first, we reject the Sefrets' claim that Pennsylvania law does provide damages for them for the loss and companionship and society of their minor child. In Gaydos v. Domabyl, 301 Pa. 523, 152 Atl. 549 (1930), the court said at page 531 "but damages in death cases

do not include a claim for mental suffering, grief or distress of mind . . ., nor for the loss of the society or companionship, as such, of children or parents. . . ."

It is true that Justice Musmanno in Spangler v. Helm's New York-Pittsburgh Motor Express, 396 Pa. 482, 153 A. 2d 490 (1959), in talking about the death of a mother, stated at page 485: "All these things—such as companionship, comfort, society, guidance, solace, and protection which go into the vase of family happiness—are the things for which the wrongdoer must pay when he shatters the vase." However, the Supreme Court of Pennsylvania reaffirmed the Gaydos view in Skoda v. West Penn Power Company, 411 Pa. 323, 191 A. 2d 822 (1963), without even referring to Justice Musmanno's language in Spangler and said at page 334: "No allowance can be made for any mental suffering, grief, or loss of companionship sustained by his family."

Also, in Haddingan v. Harkins, 441 F. 2d 844 (3d CCA-1970), the court specifically rejected Justice Musmanno's statement in Spangler and plainly held that it did not constitute the law of Pennsylvania.

Given our holding that under Pennsylvania law the Sefrets may not recover for loss of companionship and society and the fact that they may recover for it under Maryland law, the first question as to whether Pennsylvania or Maryland law controls this situation becomes vitally important. We hold that Pennsylvania law does govern and, therefore, the Sefrets may not recover damages for the loss of the companionship and society of their son.

Traditionally, before Pennsylvania's No-fault

Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., the law of the state where the accident occurred governed the rights of the parties: Rodney v. Stamen, 371 Pa. 1, 89 A. 2d 313 (1952). This principle, however, was changed by Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A. 2d 796 (1964), wherein the court abandoned the lex loci delicti rule in favor of a more flexible approach and held that the law of the state which had the most contacts with or the greatest interest in the case would control. This approach was followed in Kuchinic v. McCrory, 422 Pa. 620, 222 A. 2d 897 (1966); McSwain v. McSwain, 420 Pa. 86, 215 A. 2d 677 (1966); and Cipolla v. Shaposka, 439 Pa. 563, 267 A. 2d 854 (1970).

However, Pennsylvania's No-fault Act and the regulations promulgated thereunder by the Insurance Commissioner of Pennsylvania made a significant change in this area.

Section 110(c) of the act provides:

"(c) Applicable law.—(1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. If there is no such state no-fault plan in effect or if the victim is not domiciled in any state, then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.

"(2) The right of a victim or of a survivor of a deceased victim to sue in tort shall be determined

by the law of the state of domicile of such victim. If a victim is not domiciled in a state, such right to sue shall be determined by the law of the state in which the accident resulting in injury or damage to property occurs." 40 P.S. §1009.110(c).

Regulations interpreting this section and approved by the Insurance Commissioner of Pennsylvania and reported in 31 Pa. Code §66.1-110(c)(1), subsection (b) provide:

"If a nonresident is involved in an accident in the Commonwealth, he will receive benefits as provided under his state of domicile no-fault plan. If his state of domicile has no such plan, or if the nonresident has no state of domicile, then he will receive benefits as provided under the Commonwealth no-fault plan.

"(1) If two or more policies apply to any injury, the priority between insurers shall be determined by applicable policy provisions.

"(2) A 'state no-fault plan' is defined to be a plan which contains the following elements: (i) compulsory or mandatory automobile insurance, (ii) first party benefits, and (iii) a restriction on the right to bring action for noneconomic detriment, or a relevant change in the evidentiary rules of practice and proof with respect to these actions."

Section 542 of the Maryland No-fault Motor Vehicle Insurance Act provides: "Nothing in this subtitle shall be deemed to affect the right of any person to claim and sue for damages or losses sustained by him as the result of a motor vehicle accident." 5A Annotated Code of Maryland, Art. 48A, §542.

It is obvious, therefore, that the Maryland No-fault act has no restriction on the right to bring an

action for noneconomic detriment. This being so, the Maryland act does not qualify as a "state no-fault plan" under the Insurance Commissioner's regulations above referred to. Accordingly, under these regulations, the effect is the same as though there was no state no-fault plan in Maryland and under the regulations, the Sefrets will receive benefits as provided under Pennsylvania's No-fault plan. This, of course, means that the rights of all of the parties in these two cases are governed by the Pennsylvania Motor Vehicle No-fault Insurance Act. We shall enter an order in consonance with this opinion.

## ORDER

And now, January 9, 1979, the rights of the parties in the above two captioned cases shall be governed by the Pennsylvania Motor Vehicle No-fault Insurance Act and, therefore, the plaintiffs in the case No. 76-S-3813 are hereby precluded from seeking or recovering damages for the loss of companionship and society of son, Michael E. Sefret, deceased. An exception is granted to the said plaintiffs.