**Virginia Graham SAUNDERS, Individually and as Administratrix of the Estate of Thomas Lee Saunders, Jr., Deceased and Robert D. Saunders and Donna Saunders Barber and Jeffrey M. Saunders and Lori Lea Saunders and Tommi Lee Saunders**

v.

**CONSOLIDATED RAIL CORPORATION, T/A Conrail and Northern Contracting Company.**

Civ. A. No. 84–0786.

United States District Court, E.D. Pennsylvania.

April 8, 1986.

S. Gerald Litvin, Philadelphia, Pa., Joshua I. Barrett, Charleston, W.Va., for plaintiffs.

Paul F.X. Gallagher, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Senior District Judge.

In February, 1982, plaintiff's husband, Thomas Lee Saunders, Jr., was struck and killed by a coal car operated by the defendants. Plaintiff, suing on behalf of herself and her husband's five children, all of whom will share in the proceeds of this action,[1] proposed settling this lawsuit with the defendants for $385,000.00. On October 28, 1985, I authorized plaintiff to settle this action for $385,000.00.

Plaintiff has now proposed a distribution of the settlement proceeds and petitioned me for approval of her proposal. Both Lori Lea and Tommi Lee Saunders, Thomas's children by a second marriage, have filed objections to plaintiff's petition, claiming that she has underestimated the damages suffered by them due to their father's death, thereby underestimating the amount they should recover pursuant to the wrongful death action brought by plaintiff in their behalf. No other objections have been made to plaintiff's proposed distribution.

For the reasons that follow, I find that plaintiff has estimated accurately the damages suffered by Lori Lea and has overesti-

---

**1.** All of the children will share in the proceeds of the survival action brought on behalf of the deceased. Only those children who have suffered a pecuniary loss due to their father's death will take pursuant to the wrongful death action brought by plaintiff. *See infra* p. 552.

mated the damages suffered by Tommi Lee, as a result of their father's death. I will therefore grant plaintiff's petition in part and deny it in part, approving a distribution similar to the one proposed by plaintiff, except for a slight modification necessitated by my finding that plaintiff overestimated the damages suffered by Tommi Lee.

Thomas Saunders married his second wife, Effie Moore, in 1969. He fathered one child by Effie Moore, Tommi Lee, and adopted Lori Lea, Effie Moore's child from a previous relationship. Thomas Saunders left Effie Moore sometime in early 1974 and soon thereafter, she obtained a divorce. Pursuant to the divorce Thomas Saunders was ordered to pay Effie Moore $150.00 per month for the support of Tommi Lee until Tommi reached the age of eighteen, and $150.00 per month for the support of Lori Lea until she reached the age of eighteen.

Since leaving Effie Moore, Thomas Saunders has been a very poor father who has had extremely limited contact with his children, Tommi Lee and Lori Lea. Not once has he satisfied his monthly support obligations. Up until 1981 he never visited with his children. He would telephone them only approximately twice a year, and then, it seems, only when he was working at a construction site with a WATTS line, which allowed him to call for free. His written communication with his children was limited to Christmas and birthday cards.

In the summer of 1981 Thomas Saunders marginally increased his contact with his children. He visited with them for one day. He began to telephone them more often, especially Lori Lea, who started college that fall and whom he would call at least once per week. He sent Lori Lea about $500 to help with college expenses and less than $400 worth of clothes and school supplies. He also sent a few presents and a small amount of cash to Tommi Lee. Over the phone he showed an interest in the children's health and education. He promised to visit the children at Easter and promised to buy Lori Lea a car. He still, however, neglected to meet his monthly support obligations.

When Thomas Saunders was killed Tommi Lee was eleven years old and Lori Lea was over eighteen. Thomas Saunders, therefore, was under a court ordered obligation to provide $150.00 per month to support Tommi Lee for another 6.75 years, but was under no legal obligation to provide any support for Lori Lea.

The purpose of the Wrongful Death Act, 42 Pa.C.S.A. § 8301 et seq. (1982), is to compensate certain enumerated relatives of the deceased for the pecuniary loss suffered by them through the deprivation of that part of the deceased's earnings which they would have received had the deceased lived. *Manning v. Capelli*, 270 Pa.Super. 207, 211, 411 A.2d 252, 254 (1979). The pecuniary losses established by those enumerated relatives are then divided among them in the same proportion they would have taken had the deceased died intestate. *Id.* at 210, 411 A.2d at 254. Relatives who have not suffered a pecuniary loss, however, do not share in the proceeds. *Id.* at 213, 411 A.2d at 256.[2]

The parties agree that plaintiff has suffered a pecuniary loss of $80,750.00, and that her three emancipated children have no pecuniary losses cognizable in a wrongful death action. They disagree concerning the pecuniary losses allegedly suffered by Tommi Lee and Lori Lea. Plaintiff calculates Tommi Lee's pecuniary loss by assuming that she would have received $150.00 per month from her father—the amount of his support obligation—until she reached the age of twenty-one. Since

2. There is some question as to whether *Manning* expresses present Pennsylvania law. Dicta in *Gaydos v. Domabyl*, 301 Pa. 523, 152 A. 549 (1930), states that the proceeds of a wrongful death action should be divided among an entire class of enumerated relatives, as long as at least one member of the class has suffered a pecuniary loss. *Manning* permits only those relatives actually suffering a loss to participate. The parties have agreed that *Manning* should govern.

Thomas Saunders was under no legal obligation to support Lori Lea, plaintiff claims that Lori Lea failed to suffer a pecuniary loss and, like her emancipated children, is not entitled to share in the proceeds of this wrongful death action. Tommi and Lori claim that plaintiff's estimate of their pecuniary loss is too low because it fails to consider the value of the care, training, advice, guidance and emotional support they lost because of their father's death.

Pecuniary loss in this context "is not a matter of guess or conjecture, but must be grounded on reasonably continuous past acts or conduct of the deceased." *Gaydos v. Domabyl*, 301 Pa. 523, 530, 152 A. 549 (1930). Services, gifts, education, training and advice can all be elements of an individual's pecuniary loss. *Id.* However, they "must have been rendered with a frequency that begets an anticipation of their continuance; occasional gifts and services are not sufficient on which to ground a pecuniary loss." *Id.*

The law creates a rebuttable presumption that minor children suffer a pecuniary loss when one of their parents dies. 301 Pa. at 532, 152 A. 549. Emancipated children, however, "must affirmatively show direct pecuniary loss ..., [d]amages are never presumed." 301 Pa. at 532, 535, 152 A. 549.

■ I find that Tommi Lee suffered a pecuniary loss equal to the $150.00 per month her father was legally required to provide for her support until she reached the age of eighteen. Although her father never provided her with monetary or emotional support equal in value to $150.00 per month, in Pennsylvania " '[a] husband and father is presumed to perform the legal duty of supporting his wife and minor children [and] ... they are entitled to what the law would have compelled him to furnish them, whether he had previously done so or not.' " *DeSantis v. Maddalon*, 348 Pa. 296, 300, 35 A.2d 72 (1944).

■ I further find that neither Tommi nor Lori has met their burden of establishing a pecuniary loss based upon the services and gifts their father would have provided them after they reached the age of eighteen, had he lived.

For almost eight years Thomas Saunders showed virtually no interest in his children. He failed to meet his legal support obligations, hardly spoke to his children and failed to give them any meaningful guidance, education or emotional support. A few months before he died he began to show a minimal interest in his children. His occasional gifts and services during this time are insufficient according to Pennsylvania law to establish a pecuniary loss. They were not "rendered with a frequency that begets an anticipation of their continuance," and given Thomas Saunders' previous neglect of his children, I have no reason to believe that his renewed interest in his children would have continued.