## Wynkoop v. Luke

C.P. of Armstrong County, no. 1999-0142-Civil.

*Cynthia M. Danel,* for plaintiffs.
*John W. Zotter,* for defendant Alltel.
*Thomas A. Lonich,* for defendant Luke.
*Robert T. McDermott,* for defendant PennDOT.

VALASEK, *J.,* September 23, 1999—Before the court for consideration are defendant Alltel's preliminary objections to plaintiffs' complaint in the form of a demurrer to Count I, wrongful death, part A, ¶21(a), in which plaintiffs claim damages due to loss of their son's "comfort and society." Defendants Luke and Department of Transportation join in the demurrer.

## FACTS ALLEGED IN COMPLAINT

On May 25, 1997, Cory Wynkoop, 13 years of age, rode in a vehicle operated by his father, Craig Wynkoop, along Route 28/66 in Rayburn Township, Armstrong County. A tree located on property owned by defendant Gloria Luke and within Alltel's telephone line easement fell onto the roadway owned by the Commonwealth. The tree struck the Wynkoop vehicle, injuring Cory Wynkoop. The injuries sustained by Cory ultimately resulted in his death.

## DISCUSSION

Preliminary objections in the nature of demurrers are governed by Pennsylvania Rule of Civil Procedure 1028(a)(4). Courts properly sustain preliminary objections: "only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. . . . If the facts as pleaded state a claim for which relief may be granted under any theory of law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected." *Shick v. Shirey,* 552 Pa. 590, 594, 716 A.2d 1231, 1233 (1998) (quoting *County of Allegheny v. Commonwealth of Pennsylvania,* 507 Pa. 360, 490 A.2d 402 (1985)).

Defendants argue that recovery for filial consortium has never been allowed under our common law and that damages for the same are not recoverable under the wrongful death statute.

Plaintiffs acknowledge that recovery for the loss of filial consortium has never been allowed under our common law. See plaintiffs' brief in opposition to defendants' preliminary objections pp. 5-6. Plaintiffs are not willing to concede, however, that damages for the loss of filial consortium are not recoverable under the Wrongful Death Act.

Plaintiffs argue that a distinction must be made between asserting a cause of action for filial consortium under the common law and seeking damages for the loss of filial consortium under the Wrongful Death Act. It is the latter which plaintiffs assert they are doing; they further assert they are permitted to seek such damages under subsection (c) of the Act. 42 Pa.C.S. §8301(c). The language plaintiffs point to in the Act reads as follows: "In an action brought under subsection (a), the plaintiff shall be entitled to recover, *in addition to other damages,* damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death." (emphasis added) Plaintiffs properly note that our Supreme Court has stated that, because of the remedial nature of the Wrongful Death Act, it must be liberally construed. *Hudak v. Georgy,* 535 Pa. 152, 155, 634 A.2d 600, 602 (1993).

Whether damages for a parent's loss of a deceased child's "comfort and society" in a wrongful death action are recoverable has become a topic of some debate. See for instance, the opinion of the Honorable R. Stanton

Wettick Jr. in *Ehrman v. Mid-American Waste Systems of Pennsylvania Inc.,* no. 96-18035 (Allegheny County Ct. of Common Pleas, Dec. 14, 1998), wherein it was held that damages for the loss of a deceased child's "aid, companionship, and services" were recoverable by the parents in a wrongful death action. See also, the opinion of Judge Carmen D. Minora in *Verity v. Hershey Medical Center,* no. 98-CV3547 (Lackawanna County Ct. of Common Pleas, May 17, 1999), holding to the contrary.

For the reasons which follow, the court will overrule defendants' preliminary objection.

The polestar of the court's analysis must necessarily be the concept of pecuniary loss. In *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), our Supreme Court explicitly stated that wrongful death actions are intended to compensate a decedent's survivors for pecuniary loss.[1] As stated by the same court in *Gaydos v. Domabyl,* 301 Pa. 523, 152 A. 549 (1930) "[b]efore there can be any recovery in damages by [a family member] for the negligent death of another [family member], there must be a pecuniary loss." *Id.* at 529, 152 A. at 552. (citations omitted) It is equally clear that damages in death cases do not include a claim for mental suffering, grief or distress of mind. *Id.* at 531, 152 A. at 552. These losses were categorized as "affectional" by our Supreme Court in *Sinn v. Burd, supra.*[2]

"Pecuniary loss has been defined to be a destruction of a reasonable expectation of pecuniary advantage from the deceased." *Gaydos,* 301 Pa. at 530, 152 A. at 552.

---

1. See footnote no. 3, therein.
2. See footnote no. 3, therein.

With the above in mind, it becomes evident to the court that plaintiffs may recover for the loss of their deceased son's "comfort and society" if they can prove that such loss resulted in the destruction of a reasonable expectation of a pecuniary advantage for them. If they cannot so demonstrate at trial, then the loss of comfort and society must necessarily be an affectional loss, which is outside the purview of a wrongful death action.

This holding does not have the effect of recognizing a cause of action for loss of filial consortium for at least three reasons. First, a loss of consortium claim cannot arise from the death of the injured relative. Second, the only issue in the case at bar concerns the proper measure of damages in a wrongful death action. The court is now merely holding that the *pecuniary* losses arising from the kinds of deprivation commonly suffered by those making valid claims for loss of consortium in negligence actions, are compensable in a wrongful death action. Third, in a true loss of consortium action, the non-injured relative is entitled to recover for the loss of society, companionship, comfort, etc., whether or not it results in a pecuniary loss.

The court lastly notes that there is other language in *Gaydos v. Domabyl, supra,* to support the above analysis and holding. The *Gaydos* court opined as follows: "but damages in death cases do not include a claim . . . for the loss of the society or companionship, *as such,* of children or parents." *Id.* at 531, 152 A. at 552. (citations omitted) (emphasis added)

At first, this language would apparently dictate against the instant holding, but upon further analysis, one must conclude that it is entirely consistent with it. The phrase *"as such"* is of paramount importance. The Supreme

Court, by its use of the phrase, intended that the loss of society or companionship in and of itself not be compensable. Its emphasizing the concept of pecuniary loss indicates that the loss of society or companionship would be compensable only if it resulted in a pecuniary loss.

An appropriate order will be entered.

## ORDER

And now, September 23, 1999, defendants having filed preliminary objections to plaintiffs' complaint, after consideration of the objections, arguments and briefs of counsel, it is hereby ordered, adjudged and decreed that defendants' objections are overruled.